UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

x ------------------------------ x

BEST CASE AND ACCESSORIES, INC.,

        Plaintiff,

- vs. -

BELKIN INTERNATIONAL, INC.,

        Defendant.

x ------------------------------ x

FILED
CLERK

2013 NOV -1 PM 4:30

Civil Action No.
13 CV

KORMAN, J.

GOLD, M.J.

**COMPLAINT**

      Plaintiff BEST CASE AND ACCESSORIES, INC. ("Plaintiff" or "Best Case"), as and for its complaint against Defendant BELKIN INTERNATIONAL, INC. ("Defendant" or "Belkin"), alleges as follows:

## NATURE OF THE ACTION

      1.    Plaintiff offers for sale various accessories and peripheral devices for use with computers and other electronic equipment, under the brand name Just Wireless. Plaintiff's products are offered for sale at major retailer outlets, such as Target, WalMart and most other "big box" retail chain stores.

      2.    Defendant offers for sale a competing line of products, which are also offered for sale at many of the same major retail chain outlets.

      3.    On October 25, 2013, Defendant sent Plaintiff a letter demanding that Plaintiff cease and desist from selling its products featuring a particular packaging design, and that Defendant take various actions and produce numerous documents, no later than Friday, November 1, 2013. The products featuring the packaging design cited in Defendant's cease and desist letter are currently offered for sale only at Target retail stores.

1

4. Plaintiff has learned, however, that in addition to sending that letter, Defendant has also contacted Target, Plaintiff's customer, and conveyed that Target could face possible inventory interruption and possible legal action if Target continues to carry Plaintiff's products featuring the packaging design at issue.

5. The gravamen of Defendant's claims are that the packaging of Plaintiff's products supposedly infringes on Defendant's copyright in its packaging, and also infringes on Defendant's trade dress and other rights in the packaging of its competing products.

6. Plaintiff denies all of Defendant's claims of copyright infringement, trade dress and other alleged infringements of Defendant's rights in its products, including the packaging of Defendant's products.

7. Because Defendant has now embarked on an effort to destroy Plaintiff's market for its competing products by threatening Plaintiff's customer, Plaintiff brings this action for declaratory judgment to resolve the allegations against it, and to establish that Plaintiff has not violated any of Defendant's rights whatsoever.

8. Because Defendant's allegations of infringement or other wrongful conduct by Plaintiff are legally and factually baseless, and because Defendant has made those allegations as part of a strategy to gain an unfair competitive advantage by disrupting Plaintiff's business relationship with Target, Plaintiff also seeks to recover its damages for Defendant's tortious interference with Plaintiff's business relationship with Target.

## THE PARTIES

9. Plaintiff is a New York corporation, organized and existing according to law, and maintains its principal place of business at 140 58th Street, Suite 2I, Brooklyn, New York 11220.

10. Plaintiff markets and sells its Just Wireless products in the Eastern District of New York and throughout the United States.

11. Defendant BELKIN INTERNATIONAL, INC. is, upon information and belief, a corporation, organized and existing according to the laws of Delaware, and maintains its principal place of business at 12045 East Waterfront Drive, Playa Vista, California 90094.

12. Upon information and belief, Defendant markets and sells its products that compete with Plaintiff's Just Wireless products in the Eastern District of New York and throughout the United States.

13. This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. §§ 1331 and 1338, in that this is an action arising under the copyright and trademark laws of the United States.

14. This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1332, in that Plaintiff and Defendant are citizens of different states and the amount in controversy exceeds the value of $75,000.00, exclusive of interest and costs.

15. Venue is proper in this District pursuant to 28 U.S.C. § 1391, in that a substantial part of the events or omissions giving rise to this action occurred in this District, and the alleged acts of infringement took place in this District.

## THE FACTS

16. Plaintiff and Defendant are competitors in the market for accessories and peripheral devices used by consumers for their computers and other electronic devices.

17. Plaintiff and Defendant both offer their said products for sale through various mass merchandise retail outlets such as Target, WalMart and others.

18. Plaintiff's products have received substantially more success in the marketplace than Defendant's.

19. Upon information and belief, in order to blunt the increasing consumer acceptance of Plaintiff's products rather than Defendant's products, Defendant has embarked on a strategy to use claims of trade dress and copyright infringement to drive Plaintiff's products out of the market.

20. Upon information and belief, Defendant has contacted Target, a major mass merchandise retailer, and (either directly or by implication) threatened Target with possible inventory interruption and possible legal action if it continues to carry and display Plaintiff's products featuring the packaging at issue. Plaintiff conducts a substantial volume of business with Target, far in excess of $75,000 annually, and would be substantially harmed if Target refused to carry Plaintiff's products because of Defendant's baseless allegations.

21. As part of Defendant's strategy, on October 25, 2013, Plaintiff received a letter from Defendant's attorney, alleging that the packaging of Plaintiff's Just Wireless products infringed on Defendant's copyright and trade dress rights in the packaging of its competing products. A true and complete copy of said letter is annexed hereto as Exhibit 1.

22. Defendant alleged that the packaging of Plaintiff's Just Wireless products were supposedly "strikingly similar" to the packaging of Defendant's products. In particular, Defendant alleged that the borders of the packaging on Plaintiff's products, as well as the green color used on that packaging, showed a "striking similarity" to Defendant's packaging of its products.

23. Defendant further alleged that, because of the similarity of the packaging of the two competing products and the fact that the same retail outlets offered both products for sale, consumers will be confused about the origin of Plaintiff's products.

24. Defendant further alleged that Plaintiff had copied the copyrighted elements in the packaging of Defendant's packaging of its products, thus infringing Defendant's copyrights with respect to that packaging.

25. Defendant alleged that Plaintiff's actions violated Defendant's rights under the copyright laws of the United States, 17 U.S.C. § 101 et seq., as well as Defendant's trade dress and other rights under the Lanham Act.

26. Plaintiff did not copy any of Defendant's copyrighted elements of its packaging, and did not copy any other aspects of Defendant's packaging. Plaintiff disputes all of Defendant's allegations of copyright, trade dress or other infringements of Defendant's rights.

27. In its letter, Defendant claimed that it "has been using distinctive packaging" for its products, which it identified as a "box with a white background containing a photo of the product, with the entire edge of the box (in other words all four sides of the box) in a color."

28. Contrary to Defendant's claim, its packaging is not "distinctive" and instead consists of common, generic elements that have been in use by many competitors for years. For example, Griffin, a company that competes with both Plaintiff and Defendant in the market for these accessories, has been packaging its products using a white background containing a photo of the product for at least 3 years.

29. With respect to the use of a colored border around the edges of the packaging box, Defendant's packaging uses color on all four sides, while Plaintiff's packaging uses color only on two (the top and the left edges).

30. In support of its allegations, Defendant claimed that the products were "displayed in approximately the same size and format" on the packaging. In fact, the photos of the Belkin product are sized down from the original product on its packaging, while the photos of the Just Wireless products are enlarged on the packaging as compared to the original products.

31. In support of its allegations, Defendant claimed that the packaging of the two products used "virtually identical shades of green." In fact, as Defendant's qualification indicates, the green color used on Plaintiff's packaging is different from the green color used on Defendants, in that Plaintiff's color scheme has more yellow, giving it a lime green appearance.

32. Defendant contends that the supposed similarities are so striking, and particularly the use of a green color on Plaintiff's packaging, that Defendant "can only assume that [Plaintiff] copied Belkin's packaging."

33. In fact, Plaintiff has been using the same shade of green on its packaging since at least 1999. Far from copying any aspect of Defendant's packaging, Plaintiff has instead been using a color coding scheme on its products to distinguish the variations in brands so that consumers can more easily select the accessory that will fit with the electronic devices manufactured by different manufactures, such as Apple, Samsung, Nokia and others. It is important for consumers to be able to determine which accessory will fit with a particular brand because each brand (Apple, Samsung, Nokia, etc.) uses its own configuration with which the accessory must fit.

34. Plaintiff introduced the concept of color coding its products in 1999, and has been using it ever since. The specific green used by Plaintiff in the current packaging of the accessories being sold at Target has been the exact same shade of green that Plaintiff used for accessories that fit with Samsung products since 1999. For reasons having nothing to do with

Defendant, Plaintiff now uses that shade of green to color code the products that will fit with Apple's electronic devices.

35. Plaintiff has used its system of color coding its accessories to identify the particular manufacturer with which those accessories will fit on many different products, not just those at issue here. In addition, other companies selling products that compete with the accessories marketed by Plaintiff and Defendant use the same color coding concept in their packaging. For example, Monster, a mutual competitor of both Plaintiff and Defendant, uses this color coding concept on the packaging of its "hands free" products and battery products. Monster also uses a similar green on its packaging for the same type of products that Belkin is complaining about.

36. There is no substantial similarity between Plaintiff's packaging of its products, and Defendant's packaging. There is no likelihood that, based on the packaging of the competing products, consumers would be likely to confuse the origin of the competing products.

37. The design elements on which Defendant based its allegations of copyright and trade dress infringement, are weak and generic elements, common to the packaging of many different types of consumer goods. None of those elements has acquired any secondary meaning or special identification for consumers with Defendant's products.

38. This case involves a present and ongoing dispute between Plaintiff and Defendant with respect to their rights in and to the packaging of their competing products. The value of the products at issue exceeds, by a very substantial amount, the sum of $75,000.00, exclusive of interest and costs.

39. Plaintiff has no adequate remedy at law.

## FIRST CAUSE OF ACTION

40. Plaintiff repeats and realleges the allegations set forth in paragraph 1 through 39, above.

41. Plaintiff is entitled to a judgment declaring the respective rights and obligations of the parties, and a determination and declaration by this Court that Plaintiff has not infringed Defendant's rights as aforesaid, and that Defendant's claims to the contrary in its letter of October 25, 2013, are legally and factually baseless.

## SECOND CAUSE OF ACTION

42. Plaintiff repeats and realleges the allegations set forth in paragraph 1 through 41, above.

43. Defendant had no reasonable factual or legal basis to contact Target and (either directly or by implication) threaten Target with possible inventory interruption and possible legal action if Target continued to stock and sell Plaintiff's products in their current packaging.

42. Defendant contacted Target in a deliberate attempt to gain an unfair competitive advantage in the market for its competing goods, and to attempt to exclude Plaintiff's competing goods from a key retail outlet, by wrongfully claiming, without factual or legal basis, that Plaintiff's packaging infringes on Defendant's copyright in its packaging.

44. Plaintiff's business relationship with Target has been harmed as a result of Defendant's wrongful conduct.

45. Plaintiff has been damaged by Defendant's wrongful conduct in an amount to be determined at trial.

8

## PRAYER FOR RELIEF

WHEREFORE Plaintiff demands the entry of judgment in its favor and against Defendant: (i) declaring and determining that Plaintiff has not infringed on Defendant's rights in the packaging of Defendant's products, or otherwise infringed on any right of or obligation owed to Defendant with respect thereto; (ii) declaring and determining that Plaintiff has properly marketed and sold its products without infringing on any right of Defendant; (iii) awarding Plaintiff its damages for Plaintiff's tortious interference with Plaintiff's relationship with Target; (iv) awarding Plaintiff reasonable attorneys' fees and costs pursuant to Section 505 of the Copyright Act; and (v) awarding Plaintiff such other, further and different relief, including the costs of this action, as the Court deems just and equitable.

Dated: November 1, 2013

**SCHLAM STONE & DOLAN LLP**

By: _____
Richard H. Dolan (RD-2212)
26 Broadway
New York, NY 10004
Tel: (212) 344-5400
Fax: (212)- 344-7677
Email: RHD@schlamstone.com

*-and-*

**LAW OFFICES OF PHILIP A. KANTOR, P.C.**

By: _____
Philip A. Kantor
1781 Village Center Circle – Ste. 120
Las Vegas, Nevada 89134
Telephone No.: (702) 255-1300
Fax No.: (702) 256-6331
Email: prsak@aya.yale.edu

*Attorneys for Plaintiff*

# belkin



BELKIN INTERNATIONAL
12045 East Waterfront Drive
Playa Vista, CA 90094-2536 USA
P 310 751 5100
F 310 751 5969
belkin.com

October 25, 2013

**VIA CERTIFIED MAIL
RETURN RECEIPT REQUESTED
& VIA EMAIL: info@justwirelessintl.com
& VIA FAX: (718) 492-8138**

Best Case and Accessories, Inc.
140 58th Street/Suite 2I
Brooklyn, New York, 11220
Attn: CEO & President

Murray Dana, CEO
Best Case and Accessories, Inc.
2301 Avenue L
Brooklyn, New York, 11210

Edward Dana, President
Best Case and Accessories, Inc.
2058 East Second Street
Brooklyn, New York, 11223

Re: Belkin International, Inc. v. Best Case and Accessories, Inc./Just Wireless
**IDENTICAL PACKAGING**

Gentlemen:

As you know, Belkin is a major competitor in the field of computer peripherals and accessories. Belkin sells its products through various channels of trade including without limitation mass merchandisers such as Target. For some time now, Belkin has been using distinctive packaging for its mass merchandise products, consisting of a box with a white background containing a photo of the product, with the entire edge of the box (in other words, all four sides of the box) in color.

It has come to our attention that your Just Wireless brand has recently introduced packaging, visually identical to Belkin's packaging, for the same products in the same channels of trade. Here is Just Wireless' new packaging side-by-side with Belkin's packaging:





This is a huge change from Just Wireless' previous packaging, presented side-by-side with Just Wireless' new packaging:



Faced with the striking similarity between Belkin's packaging and Just Wireless' new packaging, we can only assume that you copied Belkin's packaging. Perhaps you did not notice Belkin's copyright notice appearing on each piece of packaging; perhaps you did not realize that Belkin has a copyright in its packaging regardless of whether it contains a copyright notice. In any event, it really is not possible to believe that you came up with this new packaging without

Page | 2                                                                                       October 25, 2013



reference to Belkin's packaging, and without enumerating all of the details (the backgrounds are both white, the products are displayed in approximately the same size and format, and the boxes are both bordered in color, in this case, *virtually identical shades of green*), there is no doubt that a court would find Just Wireless' new packaging to be a copyright infringement.

There is also a Lanham Act problem because of how all this packaging appears in stores where consumers are shopping and comparing products. Here are photographs of your new Just Wireless products adjacent to Belkin's products at a local Target store:



The Belkin and Just Wireless packaging have the same look and feel and appear to be from the same vendor, and consumers will be confused and have a hard time trying to distinguish them.

Further, you will note that your new packaging is visually different from the packaging of other competitors:





We note that none of these competitors use Belkin's packaging elements, primarily, a white background for a square or rectangular box, gloss varnish on the photos of the product against a matte background, no clear window displaying the product, straight-on or slightly angled photographs of the product, many of the cords displayed as coming from different edges (as opposed to the same edge), and color around all four edges of the packaging, especially green. Most importantly, none of this competitor packaging has the same effect as Target's display of Belkin and Just Wireless products, where it is virtually impossible to distinguish the Just Wireless packaging from the Belkin packaging.

While we are alarmed to find Just Wireless' new packaging so incredibly similar to Belkin's packaging, we would like to think that this was inadvertent and not a deliberate attempt to copy Belkin's packaging, trade on Belkin's goodwill, and pass off Just Wireless' products as if they were from Belkin. However, we are certain that Just Wireless' new packaging will create confusion among consumers, so we are anxious to resolve this matter before the market damage becomes irremediable.

Accordingly, we hereby demand that you immediately:

1. Discontinue and refrain in the future from any and all use of this packaging;

2. Recall and destroy all of this packaging currently under your control, direction, or supervision;



3. Recall all of this packaging from all vendors and retailers;

4. Instruct your manufacturing and distribution sources, wherever located, to recall and destroy all style sheets, plates, molds and other materials for this packaging;

5. Destroy all advertising and promotional materials, including all webpages, displaying this packaging;

6. Cancel all outstanding advertising placements for ads displaying this packaging;

7. Cancel all marketing and promotional events in connection with which this packaging will be displayed; and

8. Terminate all agreements with marketing and promotion contractors, agents and partners to the extent that they involve this packaging.

In addition to the foregoing remedial steps, which we expect you to undertake immediately, we demand that you immediately provide us with all the following information and materials:

1. Copies of all documentation (correspondence, receipts, bills of sale, etc.) relating to the creation and adoption of this packaging;

2. A list (including names, addresses and individual contact information) of all manufacturers, exporters, importers, distributors, retailers and resellers of products in this packaging;

3. A list of all purchasers anywhere in the world of products in this packaging;

4. The total number of units you have sold of each specific product in this packaging, your purchase price therefor, and the sales price to your customers; and

5. The total number of units of each specific product in this packaging now in your inventory, committed to customers but not yet shipped, and on order by you to the manufacturers, and the anticipated delivery dates of all open orders.

We expect to receive, by no later than the close of business on **Friday, November 1, 2013**, written confirmation and evidence that our demands have been satisfied.

While it is not the purpose of this letter to outline the relief to which our client is entitled, please be advised that our client is entitled to injunctive relief and damages. Specifically, your failure to comply with these demands will give rise to claims for copyright infringement under 17 U.S.C. §101 et. seq., as well as trade dress infringement, unfair competition, unfair and deceptive business practices, passing off, and related causes of action under 15 U.S.C. §1125 and



California Business and Professions Code §17200 et seq. Claims for damages will include disgorgement of all profits attributable to your infringing activities and reimbursement for the harm already done to Belkin. We hope that this matter can be resolved amicably and without resort to legal remedies.

We look forward to your prompt cooperation and compliance with our demands, and hereby reserve all rights and remedies.

Very truly yours,

D. Thomas Triggs
Chief Legal Officer and General Counsel